UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:21-CR-00188-RDM |
| | ) | |
| PAUL ALLARD HODGKINS | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S OPPOSED MOTION FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL

The Defendant PAUL ALLARD HODGKINS by and through undersigned counsel hereby respectfully moves the Court for an extension of time to file an appeal based on good cause; and alternately for excusable neglect for the period when Mr. Hodgkins was not represented by counsel. If the instant motion is granted, the Notice of Appeal would be due by September 7, 2021.

As grounds Mr. Hodgkins therefore states the following:

1. He pled guilty on June 2, 2021 to felony charge 18 U.S.C. § 1512 (c)(2), Obstruction of an Official Proceeding (Doc. No. 22); and he was sentenced on July 19, 2021.

2. Mr. Hodgkins did not know the time to file a Notice of Appeal expired on August 6, 2021, which was 14 days after entry of judgment (Doc No. 37) on July 23, 2021. He did not understand until after August 6, 2021 that he could appeal.

3. Upon a finding of excusable neglect or good cause, Fed. R. App. P. 4(b)(4) allows this Court before or after the time has expired to extend the time to file a Notice of Appeal for a period not to exceed 30 days from the expiration of the 14-day time prescribed by Rule 4(b)(4).

4. A 30-day extension under Fed. R. App. P. Rule 4(b)(4) will expire September 7, 2021 based on the judgment order's entry on July 23, 2021.

5. Ms. Sedky's response for the Government appears to oppose the motion as she wrote: "his only viable avenue for appeal is ineffective assistance of counsel. Given that there is no viable basis to file an appeal, we will oppose your motion to extend time."

6. Since the Government was not party to communications and transactions between Mr. Hodgkins and former counsel, the Government is not capable of assessing whether there was no instance here of ineffective counsel.

7. The Government's response did not indicate that it would be prejudiced or give any other reason to oppose this instant motion.

8. Although the grounds for appeal are not required here, if it assists in removing the Government's objection, Mr. Hodgkins intends to show on appeal that his former attorney's work fell below an objective standard of reasonableness and that Mr. Hodgkins was provided ineffective assistance of counsel.

**Good Cause**

9. "Good cause" is tied to Mr. Hodgkins' lack of knowledge that he could appeal based on ineffective assistance of counsel. Discussion regarding ineffective assistance of counsel arises herein solely for the purpose of showing "good cause" in the context that led to not timely filing the Notice of Appeal.

10. Mr. Hodgkins never imagined an appeal, and his former attorney gave no advice or explanations that would cause him to think anything might qualify for an appeal. On May 31, 2021 when Mr. Hodgkins was first shown a copy of the plea agreement after

never being privy to any negotiation correspondence, his attorney required that he sign the agreement within 2 hours on that very day because it expired on Jun 1, 2021. The attorney's joint review of the document's sections on waivers and appeal with Mr. Hodgkins consisted of the counsel telling Mr. Hodgkins that he could appeal nothing.

11. With a full work-shift that went into the night on Jun 1, 2021, Mr. Hodgkins had no time to read and study every line of the agreement, or to inquire into all the legal language. He relied on what his attorney stated on May 31, 2021: "you cannot appeal." Going into the June 2, 2021 plea hearing, he had nothing to compare his attorney's performance to, or any knowledge of what was normal. He relied on his counsel's word.

12. Mr. Hodgkins' lay person take-away from what he heard in the June 2, 2021 plea hearing was that he could appeal nothing. He understood loss of rights to a jury trial and voting. But, when the term "ineffective assistance of counsel" was used twice (Zoom Transcript p.11), what Mr. Hodgkins heard for each use was that he could not appeal his sentence, and he could not appeal a collateral attack (where Mr. Hodgkins was relying on what his counsel had told him on May 31, 2021 regarding the "*legalese*": the language all just meant that Mr. Hodgkins could not appeal *for any reason*). The use of "ineffective assistance of counsel" did not register since Mr. Hodgkins' laser focus was on what happened *to him* after pleading guilty, specifically regarding the sentence.

13. After the sentencing hearing and judgment on July 19, 2021, Mr. Hodgkins' counsel restated to Mr. Hodgkins that he could appeal nothing, and the matter was over. Even on August 22, 2021 after Mr. Hodgkins wrote to his former counsel asking that the entire case file be provided as previously requested by his new attorney, the former counsel wrote

3

back telling Mr. Hodgkins that he had no appeal for any reason. (Mr. Hodgkins never used the word "appeal" in his correspondence).

14. Mr. Hodgkins was at a severe disadvantage in not knowing what was normal, or what questions he should ask after his counsel told him there was no appeal for any reason. Mr. Hodgkins had nearly depleted his 401K savings to pay his former counsel, and lack of time and funds precluded Mr. Hodgkins from getting a second legal opinion on the details of his plea agreement and his attorney's efforts. Mr. Hodgkins accepted his former counsel's words that there was no appeal for any reason that applied to his case.

15. The facts above illustrate that Mr. Hodgkins depended on what every client should expect when their attorney relays facts. When Mr. Hodgkins' attorney stated repeatedly that the plea agreement meant "you can't appeal anything," Mr. Hodgkins took him at his word. A client is supposed to be able to take his or her attorney at their word.

16. Lack of time after the judgment for Mr. Hodgkins to assess holistically and retroactively what had transpired regarding his attorney's actions, to understand court timing rules, combined with his incorrect understanding of the right to appeal based on the words from former counsel, show good cause to grant the motion to extend time.

17. Mr. Hodgkins' non-attorney friend(s) tried to determine whether he could appeal, and the time required. The non-attorney internet searches and readings after August 6, 2021 led to the filing timeline matching the top part of Fed. R. App. P. that shows 30 days' time to appeal after the judgment. They did not reach the criminal case time requirement. They did not know what date besides July 20, 2021 to measure as the starting date for the

(incorrect) 30-day countdown. Mr. Hodgkins had no knowledge of or access to PACER/CM so he could see document dates; and former counsel never provided the judgement order.

18. Attorneys who said they might take the case proposed fees that Mr. Hodgkins could not pay after having nearly emptied his 401K account to pay his former attorney. It was not until after mid-August 2021 that Mr. Hodgkins was able to create an attorney-client relationship with the undersigned attorney.

19. Application to the Court's bar, study of the Court rules, and due diligence efforts in examining the facts and case history preceded the instant motion in a very compressed period. However, the timing to file this instant motion was always after the deadline to file a Notice of Appeal because Mr. Hodgkins was never advised by his former attorney nor understood that he could appeal for ineffective assistance of counsel. While two sentences may be in the plea agreement about ineffective assistance of counsel, Mr. Hodgkins was unsure until after the August 6, 2021 deadline if the legal term "*ineffective assistance of counsel*" applied in his case. He previously thought all was "normal" because former attorney often told Mr. Hodgkins he was doing great work on Mr. Hodgkins' behalf.

20. Mr. Hodgkins answered truthfully at proceedings regarding the services of his attorney, understanding of the plea, and knowingly pleading based on his view *at the time*. It was not until he was no longer rushed into everything by his former attorney that Mr. Hodgkins grasped the totality of the circumstances. For example, Mr. Hodgkins' former attorney told him that all five charges were felony charges. Further, unless the Court reporter made an uncharacteristic typographical error, even the plea hearing transcript from June 2, 2021 shows the Government telling the Court that all the indicted charges were felonies.

21. The Court should extend the time to file the Notice of Appeal for good cause.

**Excusable Neglect**

22. Paragraphs 9 - 20 above regarding "good cause" are incorporated here.

23. From the day after sentencing until after the appeal time had expired, Mr. Hodgkins had no counsel. He was *pro se* in a sea of law he did not understand, having been told that he could not appeal for any reason. Mr. Hodgkins was unable to ascertain filing timelines. As a lay person, Mr. Hodgkins had no advice about what "ineffective assistance of counsel" means, or that he could appeal based on the facts and circumstances he noted from March 2021 until the judgment.

24. Deriving a filing time from internet reading and friends' assistance, Mr. Hodgkins did not know he should refer to the Fed. R. App. P. Rule 4, and specifically the bottom section of the rule on criminal cases. As a non-attorney, he did not know the distinction existed. Further, he did not know that the Federal Rules of Appellate Procedure exist. He did not know he might try calling a court clerk or how to find out the filing time besides from an attorney. As stated *supra*, he did not know if his facts met the criteria for an appeal. It was his responsibility to be timely, but Mr. Hodgkins did not know when, where, and how to proceed as he tried his best to obtain answers.

25. Without legal counsel until after the deadline, and no understanding of the time for a Notice of Appeal, Mr. Hodgkins' lateness should be viewed as excusable neglect.

**WHEREFORE**, PAUL ALLARD HODGKINS requests that the Court grant the motion to extend time, and enter the attached, proposed order.

August 29, 2021

Respectfully submitted,
/s/ Carolyn A. Stewart

Carolyn A. Stewart, FL Bar No. 1205715
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-CR-00188-RDM |
| | : | |
| **PAUL ALLARD HODGKINS** | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

This matter having come before the Court upon the Defense's opposed Motion for Extension of Time to file a Notice of Appeal, for excusable neglect by the unrepresented Defendant, and for good cause shown, the motion is hereby GRANTED, and it is hereby

ORDERED that the Defendant may file a Notice of Appeal up until and not later than September 7, 2021.

**SO ORDERED** this _____ day of _____, 2021.

_____
HONORABLE  Randolph D. Moss
United States District Judge

## CERTIFICATE OF SERVICE

On this 29th day of August 2021, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

*/s/ Carolyn A. Stewart*
Carolyn A. Stewart
Attorney
